FILED
2013 Aug-20 PM 03:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| SABRA J. BOUTWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:10-CV-1092-JFG |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the court upon petition of Plaintiff's counsel for approval of an attorney's fee under 42 U.S.C. 406(b) for representation of the Plaintiff before this court. (Doc. 15.) The court has reviewed the terms of the fee agreement, the record of attorney services rendered, the information in the motion for attorneys fees, and the docket sheet for this case. For the following reasons, the court finds the motion is due to be GRANTED IN PART and DENIED IN PART. The court GRANTS the request for an award of fees, but reduces the amount as explained below.

In light of this court's decision reversing and remanding the case to the Commissioner in favor of the Plaintiff, the Plaintiff's attorney moves this court for an award of fees under 42 U.S.C. 406(b). Plaintiff's attorney requests $12,638 in attorney's fees, reflecting 25% of the social security benefits awarded – the maximum fee the court can award under 42 U.S.C. 406(b). Plaintiff's attorney attaches records reflecting 16.9 hours spent representing the Plaintiff before the court.



The Supreme Court, in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), held that a 25% contingency fee agreement under 42 U.S.C. 406(b) is presumptively reasonable, but subject to "court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." 535 U.S. at 807. The Court also stated that a downward adjustment may be necessary if "the benefits are large in comparison to the amount of time counsel spent on the case." *Id.* at 808. (citing *Rodriquez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989)). In *Hayes v. Secretary*, 923 F.2d 418, (6th Cir. 1990), the Sixth Circuit added guidance to district courts in determining whether the requested fee represents a windfall under *Rodriquez*. The court held that

> under *Rodriquez,* a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market.

*Id.* at 422 (footnote omitted). The court reasoned that "a multiplier of 2 is appropriate as a floor in light of indications that social security attorneys are successful in approximately 50% of the cases they file in the courts." *Id*. The Eleventh Circuit has also observed that "courts may reduce the requested fee . . . if the benefits are large in comparison to the amount of time the attorney spent on the case." *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010) (citing *Gisbrecht* 535 U.S. at 808).

Applying these standards to the facts of this case, the court finds that an unreasonable windfall does exist. In this case, the attorney's fees requested reflect a *de facto* fee of approximately $747.81 per hour. Based on its own knowledge and experience awarding fees in social security cases, the court finds that $175 per hour represents the high end of a "reasonable"

rate in the local market for similar cases. The *de facto* hourly rate requested in this case is more than twice the standard market rate. To assure a reasonable result in this particular case and to provide for some consistency in attorney fee awards, the court reduces the *de facto* hourly rate to $350 per hour. Therefore, the court finds that the maximum total fee that would represent a reasonable amount in this case is $5,915. Accordingly, the court GRANTS the motion to authorize an award of attorney fees, but reduces the amount requested to $5,915. The court reminds Plaintiff's counsel of the obligation to refund $2,675 to the Plaintiff as a dollar-for-dollar offset of the previously awarded EAJA fee.

DONE AND ORDERED this 20th day of August, 2013.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE